UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RUBY MARTINEZ,<br><br>Defendant. | Case No. 1:15-cr-00022-BLW<br><br>**REPORT AND RECOMMENDATION** |

On July 1, 2015, Defendant Ruby Martinez appeared before the undersigned United States Magistrate Judge to enter a plea pursuant to a written plea agreement. The Defendant executed a waiver of the right to have the presiding United States District Judge take her plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the applicable Superseding Information (Dkt. 188), the maximum penalties applicable, her Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the plea hearing and having inquired of the Defendant, counsel, and the government, finds that there is a factual basis for the Defendant's guilty plea, that she entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States

REPORT AND RECOMMENDATION - 1

Probation Office.

Because the offense to which Defendant entered her guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt, the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate. The Government did not move for detention at the time of the plea hearing.

In this case, Defendant was released on conditions on February 13, 2015, after withdrawal of the Government's motion for detention in part. (Dkt. 94, 98). Since her release, Defendant has been fully compliant with the strict combination of conditions set by the Court, including promptly obtaining employment following loss of her employment upon arrest in this matter. Defendant resides with her mother and takes part in caring for her mother as needed. Finally, the penalty for the conspiracy charge in the Superseding Information (Dkt. 188) does not include a mandatory term of incarceration. The Court finds that the combination of circumstances presented in this case, along with the Government's position that release be continued pending sentencing, constitute exception reasons such that Defendant's detention at this time would not be appropriate.

## **RECOMMENDATION**

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) The District Court accept Defendant Ruby Martinez's plea of guilty to Count One of the Superseding Information (Dkt. 188);

REPORT AND RECOMMENDATION - 2

2)   The District Court order forfeiture consistent with Defendant's admission to the Criminal Forfeiture allegation in the Superseding Information (Dkt. 188) and the Plea Agreement;

3)   The District Court **GRANT**, at the appropriate time, the United States' motion to dismiss the Superseding Indictment (Dkt. 35) as to Defendant; and

4)   The District Court **CONTINUE** Defendant's release pending imposition of sentencing subject to conditions of release set by the Court on February 13, 2015. (Dkt. 98.)

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: July 1, 2015

_____
CANDY WAGAHOFF DALE
CHIEF U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION - 3